# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
HERA ARMENIAN, BAR NO. 12322

No. 84198

FILED

MAR 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Hera Armenian. Under the agreement, Armenian admitted to violating RPC 1.15 (safekeeping property) and RPC 8.1 (Bar and disciplinary matters). She agreed to a one-year suspension stayed during a one-year probationary period with conditions.

Armenian has admitted to the facts and violations as part of her guilty plea agreement. The record therefore establishes that she violated the above-cited rules by misappropriating and comingling funds in her client trust account, by not keeping complete records of the funds in her trust account, and by not fully responding to the State Bar's investigation regarding the funds.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's

misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Armenian admitted that she knowingly violated duties owed to clients, the public, and the profession. Two clients suffered potential injury if Armenian could not repay the amounts misappropriated. Further, her actions caused harm to the State Bar and to the legal profession. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2018) (providing that suspension is appropriate "when a lawyer knows or should know that [s]he is dealing improperly with client property and causes injury or potential injury to a client"), Standard 7.2 (providing that suspension is appropriate "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports the panel's findings of one aggravating circumstance (multiple offenses) and two mitigating circumstances (absence of a prior disciplinary record and inexperience in the practice of law).[1] Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Hera Armenian for one year, stayed during a one-year probationary period subject to the following conditions: Armenian provides quarterly reports to the State Bar regarding

---

[1]Armenian's limited testimony at the hearing does not support the panel's finding of remorse as a mitigating circumstance. *See In re Discipline of Colin*, 135 Nev. 325, 330, 448 P.3d 556, 560 (2019) (recognizing that this court does not defer to factual findings that are not supported by substantial evidence).

the status of her cases and trust accounting (including account journals, client ledgers, supporting records, and monthly reconciliations of the supporting records with the bank's records), she not practice as a solo attorney during the probationary period, she completes six hours of continuing legal education on accounting for client property, and she submit to a binding fee arbitration or make restitution regarding $5,000 of the misappropriated funds. Armenian shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order, if she has not done so already. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc: Chair, Southern Nevada Disciplinary Board
Marchese Law Office
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.